IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CUMMINS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 ("EPA") to restrain the unlawful payment of wages to an employee of one sex at rates less than the rates paid to an employee of the opposite sex and to collect back wages due to Krista Clements because of such unlawful payments. It is also an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("CRA") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Clements.

As alleged with greater particularity in paragraphs 15 and 20 below, Plaintiff Equal Employment Opportunity commission ("EEOC" or "Commission") alleges, at least since August 2016, Defendant Cummins, Inc. ("Defendant Employer") subjected Clements to discrimination on the basis of her sex (female). Specifically, Defendant Employer paid Clements disparate wages compared to her similarly situated male comparator and subjected Clements to disparate treatment with respect to the terms and conditions of her employment based on her sex (female)

by paying Clements wages substantially less than her male comparator for substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c), 217 to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and Section 102, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c), 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (f)(3).

4. At all relevant times, Defendant Employer has been doing business in the State of Tennessee and the City of Nashville and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r), (s), in that said enterprise whose annual gross volume of sales or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8. More than 30 days prior to the institution of this lawsuit, Clements filed a charge with the Commission alleging violations of the Title VII and EPA by Defendant Employer.

9. On July 19, 2017, the Commission issued to Defendant Employer a Letter of Determination, finding reasonable cause to believe that Title VII and the EPA were violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

10. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant Employer a conciliation agreement that was acceptable to the Commission.

12. On September 7, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

3

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

14.     Since at least August 2016, Defendant Employer has engaged in unlawful employment practices at its Nashville, Tennessee location in violation of Section 706(f)(1) of Title VII, 42 U.S.C.§ 2000e-5(f)(1), and Section 102 of the CRA, 42 U.S.C. § 1981a.

15. The unlawful practices include subjecting Clements to disparate treatment with respect to the terms and conditions of her employment based on her sex (female).

a)     Defendant Employer operates a call center in Nashville where it employs individuals in numerous positions, including a human resources benefits enrollment position called a Life Events Power User.

b)  In February 2015, Defendant Employer promoted Krista Clements ("Clements") to the Life Events Power User at its Nashville call center at an annual salary of $38,500.

c)   At the time that Clements was promoted, she was the only Life Events Power User at the call center.

d) Clements performed well in the Life Events Power User position and received merit-based pay increases in 2015 and 2016.

e) By July 2016, Clements's annual salary had increased to $40,900.

f) In 2016, Defendant Employer decided to hire a second Life Events Power User at the Nashville call center.

g) Defendant Employer initially offered the position to Tina Arthur (Arthur), female, at an annual salary of $41,000.  Arthur declined the position.

4

h) Defendant Employer then offered the position to Scott Olivio (Olivio), male, at an annual salary of $47,000.

i) Clements learned that Defendant Employer planned to hire Olivio at a higher salary than hers.

j) Clements asked her supervisor, Kim Overstreet ("Overstreet"), for a salary review and internal-equity audit to determine if Clements's salary was appropriate both in terms of the market and in terms of others in the same position.

k) Overstreet agreed to Clements's request for a salary review and internal-equity audit.

l) During the conversation with Overstreet, Clements complained to Overstreet that paying Olivio a higher salary to perform the Life Events Power User position "felt illegal."

m) In August 2016, Olivio began working in the Life Events Power User position at a rate of pay higher than that earned by Clements.

n) The common core of tasks performed by Clements as a Life Events Power User and Olivio as a Life Events Power user were substantially the same; required equal skill, effort, and responsibility; and were performed under similar working conditions.

o) When Olivio first started as a Life Events Power User, Clements served as his trainer.

p) In August 2016, Overstreet informed Clements that the salary review and internal-equity audit found Clements was not being compensated at market rate and confirmed Clements was being compensated at a lower rate than Olivio.

5

q) In this conversation, Overstreet informed Clements no adjustment would be made to her salary at that time.

r) Clements resigned her position as a Life Events Power User in June 2017.

s) At all times since August 2016, Clements was paid lower wages and a lower rate of pay than Olivio.

t) At no time prior to her resignation did Defendant Employer adjust Clements's salary to address the pay disparity between her salary and Olivio's.

u) At no time prior to her resignation did Defendant Employer address Clements's complaint that paying her less than Olivio for the same position "felt illegal."

v) From August 2016 to the present, Clements has experienced an exacerbation of pre-existing issues with anxiety as a result of her experience of the above described discrimination.

w) From August 2016 to the present, Clements has suffered emotional distress requiring ongoing medical and counseling treatment as a result of her experience of the above described discrimination.

16. The effect of the practices complained of above has been to deprive Clements of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Clements.

6

## STATEMENT OF EQUAL PAY ACT CLAIMS

19.  Since at least August 2016, Defendant Employer has violated Sections 6(d)(2) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(2) and 215(a)(2), by causing or attempting to cause the Defendant Employer to pay Clements, a female Life Events Power User, lower pay and rates of pay than Olivio, a male Life Events Power User at the same facility and to discriminate against its employees in the manner described in paragraph 15.

20. The Commission realleges and incorporates by reference the allegations set forth in paragraph 15 herein as if fully copied and repeated herein.

21. As a result of the actions complained of above in paragraphs 15 and 20 above, Defendant Employer has unlawfully withheld the payment of wages due to Clements.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees based on sex, female.

B.      Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from paying wages to employees of one sex at rates less than rates at which they pay wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Clements by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.      Order Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Clements, or to the Commission for the benefit of Clements, and provide other affirmative relief as necessary to eradicate the effects of its unlawful employment practices.

F.      Order Defendant Employer to make whole Clements by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to mental health and medical treatment expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

G.      Order Defendant Employer to make whole Clements by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be determined at trial.

H.      Order Defendant Employer to pay Clements punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

8

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,


**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney

**GERALD L. THORNTON, SR.**
Supervisory Trial Attorney

s/ Camille A. Monahan
**CAMILLE A. MONAHAN**
Trial Attorney
WI Bar No. 1056755
Telephone (901) 544-0140
Camille.monahan@eeoc.gov

s/ Markeisha K. Savage
**MARKEISHA K. SAVAGE**
Trial Attorney
TN Bar No. 024693
Telephone (901) 544-0133
Markeisha.savage@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue
Memphis, TN  38104