IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CUMMINS, INC., d/b/a Cummins Business Services<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 3:17-cv-01306

Judge Richardson

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (the Commission) instituted this action against Defendant Cummins, Inc. (Cummins) under Section 6(d)(1) and 15(a)(2) of the Equal Pay Act (the EPA), as incorporated into the Fair Labor Standards Act, 29 U.S.C. §§ 206(D)(1) and 215(a)(2), and Section 703 of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). The Commission's Complaint, filed on September 26, 2017, alleges that since August 2016, Cummins paid Krista Clements, a former female Life Events Power User, wages less than the rates paid to a similarly situated male Life Events Power User. The Commission further alleges the male employee performed the same or substantially similar work at Cummins Business Services' facility in Nashville, Tennessee.

In reaching this Consent Decree, the Commission and Cummins engaged in negotiations. The Commission and Cummins enter into a settlement of this litigation based on EEOC Charge No. 494-2017-00414 filed by Clements against Cummins.

A. The Commission and Cummins hereby stipulate and consent to the entry of this Consent Decree (Decree).

B. This Decree does not constitute a finding on the merits of the case and shall not be deemed an admission of liability by Cummins, its officers, agents, or successors. The Commission and Cummins have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

C. This Decree constitutes the complete and exclusive agreement between the Commission and Cummins with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. The parties have not made any representations or inducements to compromise this action, other than those recited or referenced in this Decree.

D. In the event the Court does not approve this Decree, the Commission and Cummins agree neither party will attempt to admit the Decree in evidence in this or any subsequent lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby APPROVES the Decree and FINDS:

I.    JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

II.    FINDINGS

A. This Decree furthers the purposes of Title VII, the EPA, and the public interest.

B. The terms of this Decree constitute a fair and equitable settlement of this action.

C. The parties reached the terms of the Decree by a process of negotiation and compromise.

D. This Decree conforms to the Federal Rules of Civil Procedure, Title VII, and the EPA, and does not derogate the rights or privileges of any person.

2

E. This Decree represents the final and binding agreement between the Commission and Cummins, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with Cummins.

F. The Commission and Cummins agree to the entry of this Decree to resolve all claims raised by the Commission in its Complaint in Civil Action No. 3:17-cv-01306.

III. SCOPE AND DURATION OF THIS DECREE

A. This Decree resolves all issues and claims arising out of Clements' Charge of Discrimination (EEOC Charge No. 494-2017-00414) filed against Cummins, Inc. and the Commission's Complaint in Civil Action No. 3:17-cv-01306, alleging unlawful payment of wages to an employee of one sex at rates less than the rates paid to an employee of the opposite sex.

B. The Duration of this Decree and all obligations shall remain for two and a half (2 1/2) years from the date of its entry by the Court.

C. During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and to resolve any disputes that may arise.

D. The terms of this Decree shall only apply to Cummins Business Services in Nashville, Tennessee ("CBS") unless otherwise provided below.

IV. INJUNCTION

A. The Decree enjoins CBS, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, from discriminating against an employee or applicant on the basis of sex. This injunction includes, but is not limited to, a prohibition against discrimination in compensation on the basis of sex.

3

B. During the term of this Decree, CBS, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, shall not rely solely on prior salary in shaping its compensation package for external hires or internal promotions. If at any time, including but not limited to calibration/rating and ranking or due to a complaint, CBS learns of a pay disparity within CBS between male and female employees performing substantially the same work, CBS will promptly investigate and take appropriate action as necessary to remedy any unlawful pay disparity.

## V. NO LIMITATION OF RIGHTS

Except as otherwise provided for in this Decree, nothing, either by inclusion or exclusion, limits Cummins' (including CBS') obligations under Title VII or the EPA, or limits the Commission's authority to process or litigate any discrimination charge, which the Commission may file against Cummins in the future.

## VI. POLICIES

A. CBS has implemented and shall maintain the following policies:

Equal Employment Opportunity and Affirmative Action, Employee Non-retaliation, and Treatment of Each Other at Work Policy (Exhibit A).

B. These policies are available, and will continue to be available, to all employees via the company's intranet. Within ninety (90) days of the entry of this Consent Decree, CBS shall direct all employees to review the policies. CBS shall continue to distribute these polices to all newly hired individuals and internal candidates for promotion.

C. CBS shall modify its Equal Employment Opportunity and Affirmative Action Policy to provide that employees may make complaints alleging discrimination in the terms

4

and conditions of employment using the same complaint procedure outlined in its Treatment of Each Other at Work Policy.

VII.    TRAINING

A. On or before December 31, 2019, CBS will provide training on the provisions of Title VII and the EPA to its human resources employees and management personnel employed at CBS.  CBS will provide this training in "live" format, to the extent feasible.

B. For individuals not covered by the training in Section A, beginning in 2019, CBS shall provide training to all personnel on the provisions of Title VII and the EPA, as well as its policies and procedures for reporting discrimination complaints.  The first such training will occur no later than December 31, 2019 and the second will occur no later than December 31, 2020.

C. CBS shall submit certification of completion of training to EEOC-MEDO-decree-monitoring@eeoc.gov.

VIII.   POSTING TO EMPLOYEES

A. CBS shall post and cause to remain posted at CBS the posters required for display in the workplace under 42 U.S.C. §2000e-10.

B. Within 10 business days after the entry of this Decree, CBS shall post same-sized copies of the Notice attached as Exhibit B to this Decree on the bulletin boards usually used for communicating human resources matters to employees at CBS. The notice shall remain in place for the term of this Decree.

IX.   RECORDKEEPING AND REPORTING

A.  CBS will comply with all recordkeeping obligations under the laws prohibiting discrimination.

B.  Within five days of December 31, 2019 and December 31, 2020, CBS shall provide the Commission with a list of all complaints of discrimination on the basis of sex or pay discrimination made during the prior year by individuals employed in a salary level 4 position at CBS or applicants applying for employment in a salary level 4 position at CBS with a description of the allegation made, including:

   a.  The name of the complaining party;

   b.  A description of the facts of the complaint; and

   c.  A description of CBS' actions in response to the complaint.

C.  CBS shall submit the report described in Section B, above, to EEOC-MEDO-decree-monitoring@eeoc.gov.

D.  Upon the Commission's request, CBS shall make the underlying complaint available to the Commission within ten (10) days of the request.

X.   MONETARY REMEDY

A.  Cummins agrees to pay the gross sum of $77,500 to Clements in full and final settlement of the claims alleged in the Commission's Complaint against Cummins ("the settlement payment"). Cummins shall make the settlement payment as follows:

   (1)   Payment to Clements attributable to alleged lost wages in the amount of Four Thousand Dollars ($4,000), less applicable taxes and withholdings, for which Cummins shall issue a Form W-2; and

6

(2)     Payment to Clements attributable to alleged non-wage, emotional distress damages in the amount of $73,500, for which Cummins shall issue a Form 1099.

B.  In consideration for the settlement payment, Clements shall execute the release of claims attached as Exhibit C to this Decree.

C.  Cummins shall deliver the settlement payment in the form of a cashier's check to Clements within fifteen (15) days of Cummins' receipt of (a) an executed release, Exhibit C to this Decree, (b) an IRS form W-9 completed and signed by Clements, and (c) entry of the Decree by the Court, whichever is latest. At the same time, Cummins shall provide the Commission a copy of the cashier's check via email to EEOC-MEDO-decree-monitoring@eeoc.gov.

## XI. NOTIFICATION OF SUCCESSORS

Cummins shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, any other corporation or other entity that acquires Cummins, and any other corporation or other entity into which Cummins may merge, or with which Cummins may consolidate.  The successors, assigns, acquiring entities, and any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of the Decree. Cummins shall provide notice to the Commission 45 days prior to any assignment, succession, acquisition, merger, or consolidation affecting Cummins.

## XII. DISPUTE RESOLUTION

If at any time during the term of the Decree, the Commission and Cummins have a dispute or disagreement as to the application, implementation, or interpretation of this Decree, the Commission shall give written notice detailing the perceived dispute or

disagreement to Cummins. Upon receipt of such notice, Cummins shall have thirty (30) days to investigate and respond in writing to the allegation before the Commission may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the Commission has determined the need to seek immediate injunctive or other extraordinary relief.

XIII. COMPLIANCE REVIEW

During the term of this Decree, the Commission may review CBS' and/or Cummins' (as applicable) compliance with the provisions of this Decree upon written notice to Cummins' attorneys of record at least ten (10) business days in advance of any inspection of Cummins' documents or premises. After receipt of the notice, Cummins shall allow representatives of the Commission to review Cummins' compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records of CBS, interviewing employees and management officials of CBS on its premises related to compliance with this Agreement, and inspecting CBS' premises.

XIV. COSTS AND ATTORNEYS' FEES

Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

By the Court:

SO ORDERED, ADJUDGED AND DECREED on this **29th** day of **March**, 2019.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE


By Consent:                                    EQUAL EMPLOYMENT OPPORTUNITY
                                               COMMISSION

                                               James Lee
                                               Deputy General Counsel

                                               Gwendolyn Young Reams
                                               Associate General Counsel

                                                s/Faye A. Williams
                                               FAYE A. WILLIAMS (TN Bar No. 11730)
                                               Regional Attorney
                                               MARKEISHA K. SAVAGE (TN Bar No. 024693)
                                               Trial Attorney

                                               EQUAL EMPLOYMENT OPPORTUNITY
                                               COMMISSION
                                               1407 Union Ave., Suite 900
                                               Memphis, TN 38104
                                               Telephone: (901) 544-0133
                                               Facsimile:  (901) 544-0111
                                               Email: faye.williams@eeoc.gov
                                               Markeisha.savage@eeoc.gov


                                               CUMMINS INC.

                                                s/Ellen E. Boshkoff
                                               Ellen E. Boshkoff (Ind. #16365-49)
                                               Sarah V. Bowers (Ind. #31232-49)
                                               Angela N. Johnson (Ind. #32025-71)
                                               FAEGRE BAKER DANIELS LLP
                                               300 North Meridian Street, Suite 2700

Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: ellen.boshkoff@FaegreBD.com
Sarah.bowers@FaegreBD.com
Angela.Johnson@FaegreBD.com

George A. Stohner (Cal. #214508)

FAEGRE BAKER DANIELS LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
Telephone: (310) 500-2090
Facsimile: (310) 500-2091
Email: George.stohner@FaegreBD.com

John E.B. Gerth (TN BPR 024439)

WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street, Suite 2700
Nashville, Tennessee, 37219
Telephone: (615) 850-6380
Facsimile: (615) 244-6804
Email: jeb.gerth@wallerlaw.com

EXHIBIT A

APPLICABLE POLICIES

 Create DCR



**Cummins Inc**
**Corporate Offices Building**
Box 3005, 500 Jackson St. Columbus, IN 47201

## For Reference Only. Not Valid if Printed.

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION. Its use is restricted to employees with a need to know and third parties with a need to know and who have signed a non-disclosure agreement.

 **Policies and Procedures**

| Title: | Equal Employment Opportunity and Affirmative Action Policy | Doc Number CORP-00-05-04-00<br>Revision: 4 |
|---|---|---|
| **Department:**<br>Corporate<br><br>**Area:**<br>World Wide | *Approved & Released*<br>*Policies and Procedures* | **Implementation Date:**<br>04/03/2015 |
| **Type of Document:**<br>Policy | **Review Period -** 728 **Days** | |

## 1.0 Purpose:

This policy documents Cummins' commitment to equal employment opportunity and affirmative action.

## 2.0 Scope:

This policy applies directly to all U.S. operations and serves as a guide for all other operations worldwide.

## 3.0 Reference:

Civil Rights Act of 1964; Age Discrimination in Employment Act of 1967; Executive Order 11246; Section 503 of the Rehabilitation Act of 1973; and Section 402 of the Vietnam Era Veterans' Readjustment Assistance Act of 1974.

## 4.0 Definitions:

**EEO -**
Equal Employment Opportunity

**AA -**
Affirmative Action

## 5.0 Policy

It is Cummins' policy to provide equal employment opportunity worldwide for all its employees without regard to race, gender, color, disability, national origin, age, religion, union affiliation, sexual orientation, veteran status, citizenship, gender identity and/or expression, or other status protected by law. This applies to hiring, recruitment, development, promotion, transfer, demotion, layoff, termination, rate of pay, benefits, selection for training (including apprenticeship), and all other aspects of employment.

Cummins will comply with its equal employment opportunity objectives by taking affirmative action within each organizational UNIT (i.e., cost center, such as a corporate group, plant, or subsidiary) and establishing, pursuant to Executive Order 11246, annual Affirmative Action Programs for its US operations. The programs will consist of result oriented procedures, with goals and timetables, as required, designed to prevent discrimination and assure equal opportunities for minorities (Blacks and African Americans, American Indians and Alaska Natives, Hispanics and Latinos, Asians, Pacific Islanders and Native Hawaiians) and women.

Cummins will comply with the provisions of Section 503 of the Rehabilitation Act of 1973 and Section 4212 of the Vietnam Era Veterans' Readjustment Assistance Act of 1974 by taking affirmative action within each organizational UNIT (i.e., cost center, such as a corporate group, plant, or subsidiary) and establishing annual Affirmative Action Programs for protected veterans and individuals with disabilities for its US. operations. These programs will consist of result oriented procedures, with measurable objectives, quantitative analyses, and internal audit and reporting systems, as required, designed to prevent discrimination and assure equal opportunities for protected veterans (disabled veterans, recently separated veterans, Armed Forces service medal

veterans, or active duty wartime or campaign badge veterans) and individuals with disabilities. This procedure describes and outlines the implementation of Cummins' equal employment opportunity and affirmative action policies.

This procedure describes and outlines the implementation of Cummins' equal employment opportunity and affirmative action policies.

A. The Human Resources Department's responsibilities include:
  1. Training basic concepts in affirmative action to Management.
  2. Reviewing affirmative action statistical reports and raising issues to Management.
  3. Assisting Management in the implementation and documentation of good faith efforts to eliminate underutilization.
  4. Locating and recruiting qualified personnel needed to achieve affirmative action goals.
  5. Maintaining a human resources database for EEO and AA reporting.

B. Management's responsibilities include:
  1. Understanding basic concepts in affirmative action and how these concepts apply to their location.
  2. Taking action to address issues raised.
  3. Designing and implementing good faith efforts to eliminate underutilization.
  4. Ensuring there is no harassment or discrimination in the workplace.
  5. Dealing with any employees charged with acts of discrimination or harassment towards other employees.

C. The Corporate Compliance Manager's responsibilities include:
  1. Assuring development of the annual Affirmative Action Plans.
  2. Implementing (through the line organizations) and monitoring the Company's EEO program and Affirmative Action Plans.
  3. Recommending corporate policy.
  4. Assisting the Management of each organizational unit in the development of specific affirmative action goals and objectives.
  5. Interpreting EEO policy and the Affirmative Action Plans and their objectives for the management of all U.S. organizational units.
  6. Designing and implementing audit systems that measure and report the effectiveness of affirmative action programs.
  7. Reporting to regulatory agencies (EEOC, OFCCP, etc.).
  8. Interpreting and analyzing affirmative action matters for senior management.

D. The Law Department's responsibilities include:
  1. Providing legal counsel and training to Cummins' staff on EEO and AA legislation, regulations, and pending issues.
  2. Responding to charges of discrimination filed with regulatory agencies and

Case 3:17-cv-01306   Document 67   Filed 03/29/19   Page 14 of 32 PageID #: 290

state and federal courts.

## Associated Documents:

Associated Quality System Documents - None

## Document Revision History:

| Revision: 4 | Date Created: 09/25/2002<br>Date of Last Revision: 04/03/2015 | Last Approval Date: 04/03/2015 |
|---|---|---|
| Document Author:<br>Martha Heady Messman | Document Manager:<br>John O Gaidoo | |

## Reason for Change:

| Revision: | Sec/Para Changed | Change Made: | Date |
|---|---|---|---|
| 0 | N/A | Initial Issue of Policy in QSI | 9/25/2002 |
| 1 | 5.0 | Added phrase to cover gender identity and/or expression | 11/2/2006 |
| 2 | 5.0 | Added wording to cover Native Hawaiians, veterans and disabled persons | 11/30/2007 |
| 3 | 5.0 | changed paragraph 1 to include "other status protected by law." | 3/12/10 |
| 4 | | Made revisions pursuant to new Section 503 & Section 4212 requirements | 12/19/2014 |

▶ Notification List

## Approvals:

▼ First Approver's Signature

**Name:** John O Gaidoo/Corp/Cummins          Apr 2, 2015 04:45:59 PM EDT - Approved by: John O
**Title:** Corporate Counsel                              Gaidoo/Corp/Cummins
▼ Second Approver's Signature

**Name:** Sharon Barner/Corp/Cummins          Apr 3, 2015 09:24:56 AM EDT - Approved by: Sharon
**Title:** Vice President - General Counsel        Barner/Corp/Cummins
▼

**Document History Section:**
09/25/2002 - Document Created by: Robert M Decker
09/25/2002 - Author changed to Dan T Del Genio by Robert M Decker
09/25/2002 - Manager changed to Marya M Rose by Robert M Decker
9/25/02 - Document submitted for Approval by: Robert M Decker
9/26/2002 - Approved by: Ian D Brook
10/02/2002 - First Backup Notification Sent to Robert M Decker
10/2/02 - Approved by: Marya M Rose

3/1

10/3/02 - Approved by: Jean Blackwell
10/3/02 - Approved and Released Revision No.: 0
DOCUMENT AUDITED FOR TIMELINESS -- Oct 1, 2004 02:08:05 PM EST by Marya M Rose
Oct 29, 2006 04:01:38 PM EST - First Review Escalation Sent to John Phillips
Nov 2, 2006 10:27:32 AM EST - Document Modified by: Dan T Del Genio
Nov 2, 2006 12:36:47 PM EST - Document submitted for Approval by: John Phillips
Nov 2, 2006 12:37:00 PM EST - Approved by: John Phillips/Ind/Cummins
Nov 2, 2006 01:48:05 PM EST - Approved by: Marya M Rose/Corp/Cummins
Nov 9, 2006 06:50:20 AM EST - First Backup Notification Sent to n
Nov 16, 2006 07:18:28 AM EST - Second Backup Notification Sent to n
Nov 16, 2006 07:19:11 AM EST - First Overdue Approval Escalation Sent to John Phillips
Nov 23, 2006 06:33:13 AM EST - Second Overdue Approval Escalation Sent to John Phillips
Nov 24, 2006 07:57:26 AM EST - Approved by: Jean Blackwell/Corp/Cummins
Nov 24, 2006 07:57:39 AM EST - Approved and Released Revision No.: 1
Nov 30, 2007 02:45:39 PM EST - Document Modified by: Dan T Del Genio
Nov 30, 2007 02:49:24 PM EST - Document submitted for Approval by: Dan T Del Genio
Nov 30, 2007 05:04:03 PM EST - Final Approval Cleared by: John Phillips
Nov 30, 2007 05:11:51 PM EST - Document submitted for Approval by: John Phillips
Nov 30, 2007 05:12:09 PM EST - Approved by: John Phillips/Ind/Cummins
Dec 14, 2007 03:32:31 AM EST - First Overdue Approval Escalation Sent to John Phillips
Dec 14, 2007 10:03:55 AM EST - Approved by: Marya M Rose/Corp/Cummins
Dec 14, 2007 11:37:30 AM EST - Approved by: Jean Blackwell/Corp/Cummins
Dec 14, 2007 11:37:41 AM EST - Approved and Released Revision No.: 2
Mar 19, 2008 05:06:21 PM EDT - Author changed to Vanessa E Hunter/Corp/Cummins by Drexel
Matthews/Corp/Cummins
Jan 9, 2009 01:57:43 PM EST - Document Modified by: Vanessa E Hunter
Mar 9, 2010 10:10:24 AM EST - Author changed to Dan T Del Genio/Corp/Cummins by John Phillips/Ind/Cummins
Mar 12, 2010 01:55:10 PM EST - Document submitted for Approval by: Dan T Del Genio
Mar 12, 2010 03:32:21 PM EST - Approved by: John Phillips/Ind/Cummins
Mar 12, 2010 04:26:42 PM EST - Approved by: Marya M Rose/Corp/Cummins
Mar 19, 2010 01:40:13 PM EST - First Backup Notification Sent to Mark Sifferlen
Mar 26, 2010 01:40:26 PM EST - First Overdue Approval Escalation Sent to John Phillips
Mar 26, 2010 04:11:26 PM EDT - Approved by: Dan T Del Genio/Corp/Cummins
Mar 26, 2010 04:11:35 PM EDT - Approved and Released Revision No.: 3
Mar 18, 2012 11:26:27 AM EDT - Manager changed to John O Gaidoo/Corp/Cummins by Dan T Del
Genio/Corp/Cummins
Audited for accuracy & relevance -- Mar 23, 2012 04:00:14 PM EDT by John O Gaidoo
Jun 19, 2014 02:13:48 AM EDT - Final Review Escalation Sent to John Phillips
Dec 18, 2014 12:14:16 PM EST - Author changed to Martha Heady Messman/Corp/Cummins by John
Phillips/Ind/Cummins
Dec 19, 2014 11:44:50 AM EST - Document Modified by: Martha Heady Messman
Dec 19, 2014 11:52:27 AM EST - Document submitted for Approval by: Martha Heady Messman
Dec 19, 2014 01:08:34 PM EST - Approved by: John Phillips/Ind/Cummins
Jan 16, 2015 02:42:28 AM EST - Final Overdue Approval Escalation Sent to John Phillips
Apr 2, 2015 04:27:40 PM EDT - Final Approval Cleared by: John Phillips
Apr 2, 2015 04:30:07 PM EDT - Document submitted for Approval by: John Phillips
Apr 2, 2015 04:45:59 PM EDT - Approved by: John O Gaidoo/Corp/Cummins
Apr 3, 2015 09:24:56 AM EDT - Approved by: Sharon Barner/Corp/Cummins
Apr 3, 2015 09:25:03 AM EDT - Approved and Released Revision No.: 4





**Cummins Inc**
**Corporate Offices Building**
Box 3005, 500 Jackson St. Columbus, IN 47201

## <u>For Reference Only. Not Valid if Printed.</u>

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION. Its use is restricted to employees with a need to know and third parties with a need to know and who have signed a non-disclosure agreement.

  **Policies and Procedures**

| Title: **Employee Non-retaliation Policy** | | **Doc Number** CORP-00-11-06-00 **Revision:** 2 |
|---|---|---|
| **Department:** Corporate<br><br>**Area:** World Wide | *Approved & Released Policies and Procedures* | **Implementation Date:** 12/03/2015 |
| **Type of Document:** Policy | | **Review Period - 728 Days** |

### 1.0 Purpose

This policy establishes protections against retaliation for employees who raise concerns or who report violations of the Code of Business Conduct, Company policies or the law.

All employees have a responsibility to report suspected violations of the Code of Business Conduct, Company policies, or the law. It is the responsibility of Cummins to ensure reports are properly investigated and resolved without retaliation. By establishing an environment where employees are encouraged to report suspected violations without fear of retaliation, we encourage employees to take ownership of ethical behavior, we help protect the Company's reputation, and we increase stakeholder confidence.

### 2.0 Scope

This policy applies to the employees of Cummins Inc. entities worldwide in which Cummins Inc. has a controlling ownership interest or management responsibility. This includes subsidiaries, joint ventures, affiliated companies and distributors. If Cummins Inc. does not have a controlling ownership interest or management responsibility in the subsidiary, joint venture, affiliated company or distributor, Cummins will take reasonable steps to require the entity to have a written policy addressing the issues addressed in this policy and will take reasonable steps to ensure the entity complies with the law.

## 3.0 Policy

The Company is committed to providing a workplace conducive to open discussion of its business practices and where employees are encouraged to report concerns and raise issues. We will comply with all applicable laws that protect employees against unlawful discrimination or retaliation as a result of their lawfully reporting information regarding violations of the Code of Business Conduct, Company policies or practices, or other violations by the Company or its agents of any applicable law or regulation. Specifically, Company policy prevents any employee from being subject to disciplinary or retaliatory action by the Company or any of its employees or agents as a result of the employee's:

- raising any concerns or making a complaint under the Company's various reporting processes as described in Section 5.0; or
- disclosing information to a government, regulatory, or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation or possible violation of any applicable law, statute or regulation; or
- providing information, causing information to be provided, filing, causing to be filed, testifying, participating in a proceeding filed or about to be filed, or otherwise assisting in an investigation or proceeding regarding any conduct that the employee reasonably believes involves a violation of any applicable law or regulation, including rules or regulations of the Securities and Exchange Commission, or any other regulatory agency in any country.

However, employees who file reports or provide evidence which they know to be false or without a reasonable belief in the truth and accuracy of such information will not be protected by the above policy statement and may be subject to disciplinary action. To receive protection under this policy, the employee does not have to be right, but they must believe that they are providing truthful and accurate information.

In cases of company led investigations, Cummins will protect the confidentiality of the reporter, or any employee that provides information relating to the investigation, to the greatest extent possible.

## 4.0 What is Retaliation?

Retaliation is any adverse action, taken by an employer, against an employee who provided information about a potential violation of law, regulation, or company

3/1

policy which he or she believed to be accurate and truthful.

Retaliation can take many forms. There are obvious examples, such as an employee being terminated or demoted as a result of making a lawful complaint, but there are less obvious cases of retaliation that may be more subtle. Such examples include withholding pay raises or bonuses, reassignment, excluding an employee from team meetings, denying career or promotion opportunities, or giving a negative performance review as a result of the employee reporting an issue. Cummins prohibits all forms of retaliation.

### 5.0 Where to Go for Assistance

This policy applies to all Cummins employees everywhere. If you become aware of any action that you believe is not consistent with this policy, the applicable law or the Company's Code of Business Conduct, you can seek assistance by contacting:

- Your Supervisor;
- Human Resources;
- The Law Department;
- The Ethics and Compliance Department; or
- Your Business leader

### How to Contact the Law Department

Contacts for the Law Department can be found on Corporate Legal's Cummins Connect page. You can also send an email to law.department@cummins.com and you will be contacted by the appropriate individual.

### How to Contact the Ethics and Compliance Department

To contact the Ethics and Compliance department please send an email to ethicsandcompliance@cummins.com and you will be contacted by the appropriate individual.

### Ethics Help Line

Cummins Ethics Help Line. You can access the Ethics Help Line by going to ethics.cummins.com on your internet browser. You can make your report on-line or locate a phone number that you can use to call in your concerns.

**Associated Documents:**

3/1

CORP-11-06-00-00 -- Accounting - Auditing - and Internal Controls and Disclosure Practices Complaint Procedure

## Document Revision History:

| Revision: 2 | Date Created: 04/15/2003<br>Date of Last Revision: 12/03/2015 | Last Approval Date: 12/03/2015 |
| --- | --- | --- |
| Document Author:<br>Mark Sifferlen | | |

## Reason for Change:

| Revision: | Sec/Para Changed | Change Made: | Date |
| --- | --- | --- | --- |
| 0 | N/A | Initial Issue of Document | 4/24/2003 |
| | | minor updates, needs updated approvers also. | 8/17/2009 |
| 2 | all | updates to process and approvers, better explanations of retaliation | January, 2013 |
| | | update reference to Cummins Connect | |

▶ Notification List

## Approvals:

▼ First Approver's Signature

**Name:** Sharon Barner/Corp/Cummins          Nov 28, 2015 02:29:13 PM EST - Approved by: Sharon Barner/Corp/Cummins
**Title:** Vice President - General Counsel
▼ Second Approver's Signature

**Name:** Mark Sifferlen/Corp/Cummins          Nov 30, 2015 07:26:19 AM EST - Approved by: Mark
**Title:** VP of Ethics and Compliance          Sifferlen/Corp/Cummins
▼ Third Approver's Signature

**Name:** Jill E Cook/Auto/Cummins          Dec 3, 2015 01:13:15 PM EST - Approved by: Jill E Cook/Auto/Cummins
**Title:** Vice President - Human Resources
▼

Document History Section:
04/15/2003 - Document Created by: Robert M Decker
04/17/2003 - Author changed to Dave C Wright by Robert M Decker
04/21/2003 Document Manager Notified by: Dave C Wright
4/24/03 - Document submitted for Approval by: Robert M Decker
4/25/2003 - Approved by: Ian D Brook
4/25/03 - Approved by: Marya M Rose
4/25/03 - Approved and Released Revision No.: 0
DOCUMENT AUDITED FOR TIMELINESS -- Apr 18, 2005 08:41:04 AM EST by Dave C Wright
May 16, 2007 02:44:21 PM EDT - First Review Escalation Sent to John Phillips
DOCUMENT AUDITED FOR TIMELINESS -- May 16, 2007 04:20:41 PM EDT by Dave C Wright
Mar 19, 2008 04:52:57 PM EDT - Author changed to Mark Sifferlen/Corp/Cummins by Drexel Matthews/Corp/Cummins
Mar 19, 2008 04:53:24 PM EDT - Manager changed to Mark Sifferlen/Corp/Cummins by Drexel Matthews/Corp/Cummins
Jun 12, 2009 07:29:36 AM EDT - First Review Escalation Sent to John Phillips
Jul 12, 2009 03:12:36 AM EDT - Second Review Escalation Sent to John Phillips

3/1

Aug 11, 2009 03:24:23 AM EDT - Final Review Escalation Sent to John Phillips
Aug 17, 2009 09:25:32 AM EDT - Document Modified by: Mark Sifferlen
Jan 22, 2013 08:53:57 AM EST - Document submitted for Approval by: Mark Sifferlen
Feb 5, 2013 01:30:08 AM EST - First Overdue Approval Escalation Sent to John Phillips
Feb 5, 2013 11:15:49 PM EST - Approved by: Sharon Barner/Corp/Cummins
Feb 6, 2013 08:05:43 AM EST - Document Modified by: Mark Sifferlen
Apr 29, 2013 12:49:28 PM EDT - Document submitted for Approval by: Mark Sifferlen
May 14, 2013 01:39:09 PM EDT - Approved by: Sharon Barner/Corp/Cummins
May 14, 2013 01:41:30 PM EDT - Approved by: Mark Sifferlen/Corp/Cummins
May 14, 2013 01:59:08 PM EDT - Approved by: Jill E Cook/Auto/Cummins
May 14, 2013 01:59:12 PM EDT - Approved and Released Revision No.: 1
Aug 10, 2015 01:30:08 AM EDT - Final Review Escalation Sent to John Phillips
Nov 12, 2015 01:35:25 PM EST - Document Modified by: Mark Sifferlen
Nov 12, 2015 01:41:44 PM EST - Document submitted for Approval by: Mark Sifferlen
Nov 26, 2015 01:48:29 AM EST - First Overdue Approval Escalation Sent to John Phillips
Nov 28, 2015 02:29:13 PM EST - Approved by: Sharon Barner/Corp/Cummins
Nov 30, 2015 07:26:19 AM EST - Approved by: Mark Sifferlen/Corp/Cummins
Dec 3, 2015 01:13:15 PM EST - Approved by: Jill E Cook/Auto/Cummins
Dec 3, 2015 01:13:20 PM EST - Approved and Released Revision No.: 2

http://cidcn20006.cidc.cummins.com/qsi/tqs/qs4reldc.nsf/QSIV_AllDocsbyTitle/F9E047C0...   1/5/2017

 Create DCR



***Cummins Inc.***
***Corporate Offices Building***
Box 3005 500 Jackson St. Columbus, IN 47201

## <u>For Reference Only. Not Valid if Printed.</u>

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION. Its use is restricted to employees with a need to know and third parties with a need to know and who have signed a non-disclosure agreement.

 **Policies and Procedures**

| Title: | **Addressing Treatment of Each Other At Work Policy Violations** | | **Doc Number** CORP-05-00-01 **Revision:** 8 |
|---|---|---|---|
| **Department:**<br>Human Resources<br><br>**Area:**<br>USA | *Approved & Released Policies and Procedure* | | **Implementation Date:**<br>11/05/2002 |
| **Type of Document:**<br>Procedural Control | | **Review Period -** 728 **Days** | |

## 1.0 Purpose:

1.1 The Treatment of Each Other at Work Policy, which includes our
Anti-Harassment stand, defines what treating each person with dignity
and respect means. The attached procedures are a framework for dealing
with violations of The Policy.

1.2 Given the seriousness of this issue, management wants people to

identify violations and ask for assistance. Management commits its
personal support to individuals who identify violations of The
Policy, and will ensure confidentiality is maintained to the extent
possible. Management will ensure an unbiased investigation. It is
the intent of the following procedure that:

   1.2.1  Suspected violations receive prompt and serious attention.

   1.2.2  The proper application of this procedure is the responsibility
 of the management in the area in which a problem has occurred.

   1.2.3  Human Resources will provide the leadership needed to ensure the
 correct application of this procedure.

   1.2.4  Suspected violations will be resolved at the lowest possible
    level with the fewest people involved.

   1.2.5  Those involved are expected to maintain confidentiality and
 share information on a "need to know" basis only.

   1.2.6  There will be no adverse action taken against any employee who,
 in good faith, reports a violation of The Policy.

1.3 If you believe you may have experienced or observed a violation of
The Policy, but are not sure, or if you need to talk with someone
confidentially about a situation before deciding if or how to take
action, you can call any of the following people:

   1.3.1  your direct supervisor or other member of management

   1.3.2  your local Human Resource representative;

1.3.3   the office of Investigations (812-377-5111);

1.3.4   the office of the Vice President - Cummins Business Services (812-377-4120)

1.3.5   the confidential 1-800 ethics help line (800-671-9600)

1.4 These people will help you sort through the situation in a
confidential manner and can assist in addressing the situation. If
you have such concerns, don't hesitate to call and talk with someone
who can help. Delay in these situations usually only results in
further problems. The following sections describe the specific
procedure for addressing Treatment of Each Other at Work Policy
violations.

**2.0 Scope:**
This procedure has corporate scope including all base
business and wholly owned subsidiaries.

**3.0 Reference:**
CORP-00-05-00-00

**4.0 Definitions:**

**5.0 Policy Statements/Statement of Work:**
**5.1 Reporting and Investigating**
5.1.l If you experience a Treatment issue in your own area from
someone other than your own supervisor, you should:

A. Address the person exhibiting the unwanted behavior.

1. As soon as possible, tell the person specifically what
behavior is                unwanted and tell him/her to stop.

2. Document the conversation.
a. When you have addressed the problem with the
               person involved, document what was said and what

understanding was reached.
b. Documentation is important in that if you share
it with the individual it helps the person involved
"hear" what you have said. Documentation also
provides a record of what took place if the issue
needs to be pursued in the future.

3. In most cases, you should inform your supervisor of
the problem and share the content and outcome of your
conversation with the individual involved. Your
supervisor will:

a. Make note of the incident and file it with Human
Resources.
b. Determine if further action is warranted.

B.  If the person does not stop the unwanted behavior, has
had a pattern of unwanted behaviors, or if you are
uncomfortable addressing the person directly, contact your
supervisor, area Human Resources Representative, or other
designated resources for counsel and assistance. Your
supervisor will:

1.  Document the incident.
2.  Report the incident to Human Resources.
3.  Take responsibility for investigating the problem.
(If the offending employee works in another area, your
supervisor will investigate the matter jointly with the
offending employee's supervisor)
4.  Determine the appropriate level of corrective action
(s),                     if any. (Refer to Section 5.3.)
5.  Notify the offending employee of the corrective action
to be taken.
6.  Document the findings of the investigation and the
corrective action, if any, to be taken. File the
documentation with the appropriate Human Resource's
office.
7.  Inform you of his/her findings and if corrective action

was taken.

5.1.2 If you believe your supervisor has violated The Policy, you
      should:

  A.  Immediately notify your next level of supervision and/or
      the area Human Resources Manager.
  B.  The next level of supervision is responsible for
      investigating and taking corrective action.
  C.  The appropriate Human Resource office is responsible for
      ensuring that the investigation and corrective action steps
      listed under Section 5.1 are followed.

**5.2 Corrective Action Steps and Documentation**

5.2.1 Exempt and Non-Bargaining Unit Employees
      Discipline of exempt and Non-Bargaining Unit employees is based
      on the determination of the appropriate discipline measure given
      the offense.

  A.  In determining the appropriate corrective action,
      Managers will take into account the degree to which the
      behavior is:

1.  Explicitly denigrating towards a particular person
      or group.
2.  Physically threatening or involves physical contact
3.  Sexually explicit
4.  Repetitive
5.  Intimidating or threatening to one's job/career
      opportunities
6.  Verbally offensive, suggestive, threatening,
      intimidating, abusive or violent
7.  Physically violent or abusive
8.  Destructive of property and/or
9.  Creates an unpleasant environment for a person or
      group

  B. The discipline measures include, but are not limited to

3/1

the following:

1.  Verbal warning/reprimand which is documented, but
        not formally in the employee's file. However, the
        Supervisor and Human Resources will maintain an
informal
        record of the warning/reprimand for a period of time
        deemed appropriate by the supervisor and Human
        Resources;
2.  Written documented warning/reprimand;
3.  Personnel Action Profile such as demotion, job
        reassignment, pay reduction or suspension without
pay;
        and/or
4.  Termination/discharge.
5.  In addition to discipline, mandatory education
        and/or counseling can be stipulated as a requirement
        with the above discipline measures.

  C.  The supervisor is responsible for ensuring that formal
    discipline documentation (except verbal
warning/reprimands)
    are appropriately filed in the individual employee's
    performance file in the Human Resources office.

The documentation should include:

1.  Details of the incident.
a. Record of meeting in which the incident was
            discussed with the employee.
b. Discipline action that was taken.
c. Time period written warnings/reprimands are to
            remain active in the file. Note:
warning/reprimands are
            always kept even after they become inactive.
d. Signature by the employee and the appropriate level
            of management.

5.2.2 Bargaining Unit Employees

  A. Discipline of bargaining unit employees will be in
    accordance with the current discipline process respective
to
    each bargaining unit.

B. In addition to discipline, mandatory education and/or
counseling can be stipulated as a requirement of the
progressive discipline measures.

C. Documentation will be maintained consistent with current
filing procedures for corrective action.

5.2.3  A summary of all serious allegations and formal
corrective action
        cases are to be entered into the Corporate
Investigation Database
        by Human Resources.

5.2.4  Review Process

  A. To maintain consistency in our application of The
Policy, line
    organizations will maintain a Review Process to be
followed
    whenever corrective action is taken.

  B.  Review by the Corporate Office of Investigations is
required
      when:

1. An employee will be terminated as the result of findings
        in an investigation.

2. The investigation was triggered by allegations of the use
        of specific sexual, racial, or other offensive
language or behavior explicitly
        forbidden in the Treatment of Each Other at Work
Policy.

**6.0 Special Circumstances:**

**7.0 Measures of Performance:**

**8.0 Appendices:**
8.1 MANAGEMENT RESPONSIBILITY

8.1.1  Managers are held accountable for maintaining a
workplace free of
harassing and threatening behavior and fostering an
environment

where employees are treated with dignity and respect. It is expected
that managers will take swift and decisive action on any incident
involving a violation of The Policy that is brought to their
attention. (In addition, they are responsible for dealing with
violations of The Policy that occur in their areas that they SHOULD
have known about given effective day-to-day management of their
people.)

8.1.2  This requires that they manage the following tasks:

    a. Model the behavior outlined in The Policy.
   b. Train and Coach their employees on The Policy and its application.
   c. Assist employees in resolving differences.
   d. Maintain an open door policy for employees to discuss concerns.
   e. Lead investigations into violations of The Policy, with Human
Resource assistance when:
   e.1 An issue is raised directly to the supervisor by an employee
   e.2 An issue is raised anonymously by an employee
   e.3 The supervisor observes a violation of The Policy
   e.4 The supervisor otherwise becomes aware of a violation of The
Policy.
   f. Resolve issues and take corrective action in an expedient
manner.
   g. Notify/involve Human Resources, Legal Department, and Labor
Relations when appropriate.

## 9.0 Safety & Environmental Information:

## 10.0 Associated Documents:

3/1

Associated Quality System Documents - None

## 11.0 Document Revision History:

| Revision: 8 | Date Created: 02/25/2002 | Last Approval Date: 11/05/2002 |
| --- | --- | --- |
| | Date of Last Revision: 11/05/2002 | |

| Document Author: Susan L Niccum | Document Manager: Sondra K Bolte |
| --- | --- |

## 12.0 Reason for Change:

| Revision: | Sec/Para Changed | Change Made: | Date |
| --- | --- | --- | --- |
| 1 | N/A | Initial Issue of Document | |
| | | | |

## ▶ 13.0 Notification List

## 14.0 Approvals:

▼ First Approver's Signature

**Name:** Sondra K Bolte          10/18/2002 - Approved by: Sondra K Bolte
**Title:** Director - HR Investigations

▼ Second Approver's Signature

**Name:** Jill E Cook          11/5/02 - Approved by: Jill E Cook
**Title:** Exec. Director HR

▼

| Document History Section: |
| --- |

EXHIBIT B

NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree agreed to by Cummins and the Equal Employment Opportunity Commission.  The Consent Decree does not represent an admission of liability by Cummins, its officers, agents, or successors.

It is unlawful under Title VII of the Civil Rights Act to discriminate with respect compensation on the basis of sex.  Under  the Equal Pay Act, it is unlawful for an employer to pay wages to employees of one sex at rates less than rates at which the employer  pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions except where such payment is made pursuant to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex.

Cummins is committed to maintaining a work environment free from discrimination.  Cummins does not tolerate or condone unequal pay for equal work.  Unequal pay for equal work is a violation of company policy as well as federal law.

If you believe you have been discriminated against, you have the right to seek assistance from:

      Equal Employment Opportunity Commission
      220 Athens Way #350
      Nashville, TN 37228
      Telephone: 1-800-669-4000
      TTY: 1-800-669-6820
      Website: www.eeoc.gov.

This Notice must not be altered, defaced, removed, or covered by any other materials.

_____  
Date

/s/ _____  
Cummins Inc.

12

EXHIBIT C:  RELEASE

In consideration for $77,500 paid to me by Cummins, Inc. in connection with the resolution of *EEOC v. Cummins Inc.*, 3:17-cv-01306 (M.D. Tenn. 2017), I waive my right to recover for any claims of unequal pay and constructive discharge arising under Title VII and the Equal Pay Act that I had against Cummins Inc. prior to the date of this release.

_Krista Clements_ (signature)

Krista Clements

_3/1/19_

Date

13